664 P.2d 223

**The STATE of Arizona, Appellant,**

v.

**James Edward LaPONSIE, Appellee.**

**No. 2 CA–CR 2810.**

Court of Appeals of Arizona,
Division 2.

Dec. 20, 1982.

Rehearing Denied March 25, 1983.

Review Denied May 17, 1983.

74

Stephen D. Neely, Pima County Atty. by Michael Owen, Tuscon, for appellant.

James W. Cochran, Tucson, for appellee.

## OPINION

BIRDSALL, Judge.

The State of Arizona, appellant, appeals the decision of the trial court granting the motion to suppress of the appellee, James Edward LaPonsie. We affirm.

Following an informant's tip that the appellee was trafficking in illegal drugs, the Department of Public Safety placed his residence under surveillance. On February 23, 1982, several police officers arrived at the residence with a valid search warrant. The front door of the house was wide open. The trial court made the following finding of fact:

"... Officer Gonzales, carrying a shotgun, vaulted a low railing around the front porch of the premises at 3406 and went through an open front door and simultaneously announced either Tucson Police or Police or something of that nature."

The appellee sought to exclude the evidence seized during the search. The trial court granted the motion to suppress, ruling that the entry into the residence violated A.R.S. § 13–3916(B):

"B. An officer may break into a building, premises, or vehicle or any part thereof, to execute the warrant when:

1. After notice of his authority and purpose, he receives no response within a reasonable time.

2. After notice of his authority and purpose, he is refused admittance."

An initial question is whether the entrance by the police through an open doorway can be considered a "breaking" within the meaning of Arizona's "knock and announce" statute, A.R.S. § 13–3916(B). We believe it can. Although the Arizona Supreme Court held in *State v. Cook*, 115 Ariz. 188, 564 P.2d 877 (1977) that the knock and announce rule applied when an unlocked and partially open door was pushed open, entry through a wide open doorway has not been interpreted under A.R.S. § 13–3916(B). Several states, however, have declared that entry through an open door constitutes a "breaking" or "forcible entry". *See e.g., State v. Sanchez*, 88 N.M. 378, 540 P.2d 858 (1975), *reversed on other grounds*, 88 N.M. 402, 540 P.2d 1291 (1975); *People v. Godinas*, 176 Colo. 391, 490 P.2d 945 (1971); *People v. Beamon*, 268 Cal. App.2d 61, 73 Cal.Rptr. 604 (1968). The essence of the knock and announce statute is the proscription against unannounced intrusions whether they occur through locked doors, partially open doors or wide open doors. *See Sabbath v. United States*, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968). We find that logic persuasive.

The next question is whether the police entered the residence after or before a reasonable time following an announcement of authority and purpose. The Arizona Supreme Court has held that the circumstances of each case will determine what constitutes a reasonable time under A.R.S. § 13–3916(B)(1), *State v. Bates*, 120 Ariz. 561, 587 P.2d 747 (1978), and a refusal of admittance under A.R.S. § 13–3916(B)(2), *State v. Brady*, 105 Ariz. 592, 469 P.2d 77

(1970). The record contains conflicting testimony as to whether the officer announced his authority and purpose as he stood at the threshold of the doorway or after he had actually set foot in the house. The trial court found that the entry and announcement occurred simultaneously. In either case, it is clear that the officer did not wait a reasonable time in which to receive a response following his announcement. Division One of our court in *State v. Eminowicz,* 21 Ariz.App: 417, 520 P.2d 330 (1974), found that a breaking and announcement that occurred "[s]imultaneously, or at least prior to any time for a response" violated the reasonable time requirement of the knock and announce statute. The court in *Bates* held that, absent exigent circumstances, a three to five second wait following the announcement of authority and purpose was unreasonable. Likewise, the *Bates* court held that a three to five second wait did not constitute lengthy inaction sufficient to demonstrate constructive refusal of admittance.

We next consider whether exigent circumstances existed justifying entry prior to passage of a reasonable time. The only exigent circumstance allowed by the Arizona courts to date is where the police have substantial evidence to cause them to believe that evidence would be destroyed if they hesitated before entry. The state makes no such argument, presumably since this case involves seventy to eighty pounds of marijuana. This quantity could hardly be flushed down the toilet.

■ Rather, the State urges new exigent circumstances based on the purposes underlying the knock and announce statute as outlined in *State v. Sanchez,* 128 Ariz. 525, 627 P.2d 676 (1981):

"The purposes for requiring notice before officers make forcible entry into an area are generally held to be (1) protecting both occupants and law enforcement officers by preventing violent confrontations which may occur upon unannounced intrusions, (2) protecting individuals' rights of privacy in their homes as well as preventing unexpected exposure of occupants' private activities, and (3) preventing the destruction of property resulting from forced entry."

The State argues that rapid entry was justified because (1) due to screaming children in the house, the police were concerned that the appellee might become alarmed if he could not hear the officer and understand his intentions thus placing the police and occupants in potential danger, (2) several women in the house had observed the police approach the house and thus the entry was not totally unannounced, and (3) by having the front door wide open the appellee's expectation of privacy was lowered. The trial court could properly conclude that violent confrontations are less likely when an officer announces his authority and purpose and remains outside the doorway for a reasonable period of time allowing a citizen time to appraise the situation, than if the officer vaults a railing and immediately enters the residence carrying a shotgun. Although the appellee, by leaving his front door wide open, may have lowered his expectation of privacy to the extent that passersby might have a clear view into his residence, we cannot say that such a lowered expectation extends an "open-house" invitation to enter. Likewise, the fact that persons inside the house observed a man carrying a shotgun approach the house does not, as the state argues, constitute an announcement of authority and purpose sufficient to satisfy the mandate of A.R.S. § 13–3916(B). In sum, the actions of the police violated A.R.S. § 13–3916(B). The trial court's ruling on a motion to suppress will not be disturbed on appeal absent clear and manifest error. *See State v. Smith,* 123 Ariz. 231, 599 P.2d 187 (1979), *appeal after remand,* 131 Ariz. 29, 638 P.2d 696 (1981). We find no such error.

■ Finally, we consider the application of the "good faith" exception in A.R.S. § 13–3925. That statute became effective July 24, 1982. The crimes charged and the entry into the home occurred on or about February 23, 1982. There is no express declaration of retroactivity in A.R.S. § 13–

3925. It does not apply to the present case. *See* A.R.S. § 1–244.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.