**UNITED STATES, Appellee,**

v.

**John M. JEWELL, Defendant, Appellant.**

### No. 94–2080.

United States Court of Appeals,
First Circuit.

Heard June 9, 1995.

Decided July 21, 1995.

Stuart P. Feldman with whom Thomas J. Dougherty, Boston, MA, was on brief, for appellant.

Andrew Levchuk, Asst. U.S. Atty., with whom Donald K. Stern, U.S. Atty., Boston, MA, was on brief, for appellee.

Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.

LEVIN H. CAMPBELL, Senior Circuit Judge.

Defendant John M. Jewell was tried and convicted by a jury in federal district court on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of receiving a stolen firearm, in violation of 18 U.S.C. § 922(j). On appeal he argues that the district court erred in denying his motion to suppress all fruits of the search at his apartment at 162 Linden Street on the grounds that the affidavit supporting the application for the search warrant failed to establish probable cause and failed to provide an adequate basis for the issuance of a "no-knock" warrant.[1] He also argues that he was denied procedural due process under the Federal Magistrate Act of 1979, 28 U.S.C. § 636. We affirm.

The evidence at trial, the sufficiency of which is not disputed, showed that on November 22, 1992, officers of the Pittsfield Police Department executed a state "no-knock" search warrant on the residence of Jewell and his girlfriend, Brandee Richards, at the first floor of 162 Linden Street, Pittsfield. Found and seized during the search

---

1. Jewell also made a motion to suppress certain statements made by him at his apartment and later at the police station on the ground that he was not properly advised of his rights under *Miranda*. Jewell has not appealed from the denial of that motion.

were crack cocaine, cocaine processing paraphernalia, marijuana, $473 in cash, and a stolen Ruger .22 caliber revolver, S/N 191220. Jewell and Richards were arrested and processed at the Pittsfield Police Station.

Jewell challenges the district court's denial of his motion to suppress the physical evidence seized from his apartment on the grounds that the search warrant was not supported by probable cause, as required by U.S. Const. amend. IV. In particular, he asserts that the affidavit supporting the application for the search warrant was deficient. The search warrant was issued by Massachusetts Clerk–Magistrate Leo Evans upon the affidavit of Detective Granger. The affidavit stated, in sum: that police received an anonymous tip on October 6, 1992 that an African–American male named "Radar" was engaged in a drug transaction in the vicinity of 168 Linden Street; that information was received the following week from a "concerned citizen" in the neighborhood that Radar was distributing drugs from the pink house with maroon trim in the 1st floor apartment on the right side; that subsequent surveillance by Pittsfield Police Investigator Decker of Radar's residence confirmed that Radar was an individual known to Decker as John Jewell, and that Jewell was living in the first floor right apartment of 162 Linden Street with Brandee Richards, and also confirmed that individuals entered the apartment for short periods of time and left; that a reliable confidential informant (CI–3), a longtime resident of Pittsfield who had previously given information leading to drug arrests and convictions, advised that Jewell was living at 162 Linden Street and appeared to be dealing cocaine out of that location, and that CI–3 observed Jewell exchanging money with individuals in return for small, light-colored objects, and reported substantial traffic in and out of the apartment at all hours of the day and night, with most visitors entering the apartment for short periods of time and leaving (which behavior was, in Detective Granger's view, consistent with narcotics distribution); that a second reliable confidential informant (CI), who had previously provided information leading to the arrest and indictment of two individuals, advised that it had purchased crack cocaine from Jewell; and finally, that one William Shepard, an informant of untested veracity, visited the Pittsfield Police Department on November 21, 1992, and provided a sworn statement to the effect that he had seen crack cocaine in Jewell's apartment at 162 Linden Street that afternoon, and that Jewell had stolen various items of clothing and other personal property from him, and that he had smoked crack cocaine obtained from Jewell some time before coming to the police station.

The district court determined that there was sufficient probable cause stated on the face of the affidavit, finding that "[t]he affidavit, and particularly the information provided by William Shepard, is more than adequate to provide probable cause for the search." *United States v. Jewell,* Cr. No. 93–30036 (D.Mass. April 28, 1994) (memorandum and order denying defendant's motions to suppress).

We review the district court's decision to uphold the warrant for clear error only. *United States v. Garcia,* 983 F.2d 1160, 1167 (1st Cir.1993); *United States v. Nocella,* 849 F.2d 33, 39 (1st Cir.1988). In evaluating the sufficiency of an affidavit, we afford great deference to a magistrate's determination of probable cause. *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983) (citing *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 590–91, 21 L.Ed.2d 637 (1969)).

We apply a "totality of the circumstances" standard in determining the sufficiency of an affidavit. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. The affidavit is to be interpreted in a common-sense rather than a hypothetical or hypertechnical manner. *See id.; United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965); *United States v. Cochrane,* 896 F.2d 635, 637 (1st Cir.), *cert. denied,* 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990).

Jewell argues that the fact that no warrant was obtained in mid-October shows that the police lacked probable cause at that time, and that Shepard's statement, he being an admitted drug user and high at the time it was made, was not enough to make up for

the deficiency. There is no merit to this contention. Appellant would have us engage in a piecemeal examination of the affidavit, and base our review of the clerk-magistrate's action on " 'bits and pieces of information in isolation.' " *See Cochrane,* 896 F.2d at 637 (quoting *Massachusetts v. Upton,* 466 U.S. 727, 732, 104 S.Ct. 2085, 2087–88, 80 L.Ed.2d 721 (1984)). Viewing the affidavit as a whole, as it should be, there was more than adequate information presented to the clerk-magistrate from which to find probable cause that drugs were present at Jewell's apartment.

■ Probable cause means simply that the totality of the circumstances gives rise to a "fair probability" that a search of the target premises will uncover evidence of a crime. *United States v. Jordan,* 999 F.2d 11, 13 (1st Cir.1993) (citations omitted). In this case, such a fair probability was shown by the reports of two demonstrably reliable confidential informants that Jewell was trafficking in drugs; Shepard's statement that he had observed cocaine in Jewell's apartment on the day before the search warrant was issued; the statements of the concerned citizen; and finally, the trained observations of Investigator Decker. Even discounting Shepard's reliability, the information in the affidavit still provides probable cause to believe that an ongoing drug trafficking operation existed at 162 Linden Street. *See United States v. Hershenow,* 680 F.2d 847, 853 (1st Cir.1982) (citation omitted) ("[W]here the information points to illegal activity of a continuous nature, the passage of several months between the observations in the affidavit and the issuance of the warrant will not render the information stale.").

■ Appellant also argues that the district court should have excluded the physical evidence seized pursuant to the search because the clerk-magistrate lacked probable cause to authorize service of the warrant without knocking. The government correctly responds that the Federal Constitution does not require state authorities, before they issue a "no-knock" warrant, to have probable cause to believe that entry without knocking is required. All that is required is that it be reasonable under the circumstances to allow an unannounced entry. *See Wilson v. Arkansas,* —— U.S. ——, ——, 115 S.Ct. 1914, 1918, 131 L.Ed.2d 976 (1995) (holding that in some circumstances an officer's unannounced entry into a home might be *unreasonable* under the Fourth Amendment) (emphasis added). The Court in *Wilson* left to the lower courts "the task of determining the circumstances under which an unannounced entry is reasonable under the Fourth Amendment." *Id.* at ——, 115 S.Ct. at 1919.

■ The affidavit here stated that Detective Granger had personal knowledge of Jewell's record of convictions for violent offenses, and that he had personal knowledge that Jewell possessed a grey pit bull dog that he kept at the apartment at 162 Linden Street. The district court found that "the affiant's personal knowledge of the defendant's potentially violent tendencies and of the existence of a pitbull on the premises was, again, more than adequate to justify a 'no-knock' warrant." *United States v. Jewell,* Cr. No. 93–30036 (D.Mass. April 28, 1994) (memorandum and order denying defendant's motions to suppress).

■ In *Wilson,* the Court made clear that not "every entry must be preceded by an announcement," *Wilson,* —— U.S. at ——, 115 S.Ct. at 1918, and noted the common-law rule that "the presumption in favor of announcement would yield under circumstances presenting a threat of physical violence." *Id.* at —— ——, 115 S.Ct. at 1918–19.[2] We must therefore determine whether the affidavit presented in support of the application for a "no-knock" warrant reasonably described

2. In a footnote, —— U.S. at —— n. 3, 115 S.Ct. at 1918 n. 3, the Court cited *Sabbath v. United States,* 391 U.S. 585 (1968), for the proposition that both the common-law rule of announcement and entry *and its exceptions* were codified in the federal "knock and announce" statute, 18 *U.S.C.* § 3109. Appellant suggests that service of the warrant in this case did not meet the requirements of that statute. However, the threat of physical violence is an established common-law exception to the "knock and announce" principle and, as such, is recognized in § 3109. Section 3109, moreover, does not apply to state investigations by state officers. *United States v. Andrus,* 775 F.2d 825, 844 (7th Cir.1985).

"circumstances presenting a threat of physical violence."

Like the district court, we hold that it did. Detective Granger stated that he had personal knowledge of the existence of a pit bull dog in the apartment to be searched. The Fourth Amendment did not require the police to risk having to fight off a forewarned attack dog before executing their warrant. *See, e.g., United States v. Buckley,* 4 F.3d 552, 557 (7th Cir.1993) (presence of pit bull and firearms sufficient to justify "no-knock" entry). That, and the fact of Jewell's extensive history of arrest and conviction for violent crimes, made concern for the physical safety of the officers executing the search warrant entirely reasonable. The "no-knock" provision was justified in this instance.

■ We affirm the denial of the motion to suppress the evidence seized pursuant to the state search warrant from Jewell's apartment. We have carefully considered Jewell's other arguments and find them to be without merit.[3] The judgment of the district court is therefore

*Affirmed.*

---

**3.** In particular, we find no merit in Jewell's contention that he was denied procedural due process when District Judge Ponsor, who had presided over pre-trial proceedings concerning Jewell's motions to suppress as a United States magistrate judge, denied those motions shortly after his appointment to the district court. While the Federal Magistrate Act provides that magistrate judges "may" be designated to conduct hearings and submit "proposed findings of fact and recommendations" on suppression motions, 28 U.S.C. § 636(b)(1)(A), (B), the district court judge who made the assignment to the magistrate judge retains primary jurisdiction over the motion to suppress. *In re Worksite Inspection of Quality Products,* 592 F.2d 611, 613 (1st Cir.1979). Judge Freedman recalled the case from Magistrate Judge Ponsor on March 14, 1994, and reassigned it to Judge Ponsor on March 17, 1994. Judge Freedman, in transferring the case, and Judge Ponsor, in denying the motion to suppress, were merely acting pursuant to their powers as district judges.