957 P.2d 1014

**STATE of Arizona, Appellant,**

v.

**River Albion Elijah COHEN, aka River Coe, aka Robert Cohen, aka Scott Messino; and Nick Candelaria, aka Mike Merro, Appellees.**

No. 1 CA–CR 97–0219.

Court of Appeals of Arizona, Division 1, Department C.

April 7, 1998.

---

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Division and Consuelo M. Ohanesian, Assistant Attorney General, Phoenix, for Appellant.

Eleanor L. Miller, Phoenix, for Appellee Candelaria.

Thomas A. Thinnes, Phoenix, for Appellee Cohen.

## OPINION

NOYES, Judge.

¶ 1 The trial court suppressed evidence on grounds that police officers violated Arizona's "knock and announce" rule when they executed a search warrant by breaking into Defendants' home. The State appealed, and we affirm the trial court.

¶ 2 Believing that Defendants were shipping large quantities of marijuana out of state, Tempe police officers surveilled them. After seeing a large quantity of marijuana being carried into Defendants' townhouse, the officers obtained a search warrant and executed it in daylight. As several officers rushed to the front door of the townhouse, the lead officer looked in the front window and made eye contact with Defendants, who were seated inside. On reaching the front door—which was standing open behind a closed screen door—the lead officer knocked, announced, waited "[m]aybe a second, maybe less," then entered with others and "secured" the Defendants. The ensuing search of the townhouse produced 180 pounds of marijuana, drug-dealing paraphernalia, and a handgun.

¶ 3 Defendants moved to suppress this evidence on grounds that the officers had violated both Arizona's "knock and announce" rule and Defendants' right to be free from unreasonable searches and seizures under the United States and Arizona Constitutions. Arizona's "knock and announce" rule is codified in Arizona Revised Statutes Annotated ("A.R.S.") section 13–3916(B), which provides:

B. An officer may break into a building, premises, or vehicle or any part thereof, to execute the warrant when:

1. After notice of his authority and purpose, he receives no response within a reasonable time.

2. After notice of his authority and purpose, he is refused admittance.

¶ 4 After a hearing, the trial court concluded that the "knock and announce" rule had been violated because the officers' announcement "occurred virtually simultaneously" with their entry—meaning that this was essentially a "no knock" entry—and that no exigent circumstances existed to make this a reasonable entry. The court suppressed the evidence, and the State successfully moved to dismiss the indictment so it could appeal. Our jurisdiction of the State's appeal is pursuant to Arizona Constitution, article 6, section 9 and A.R.S. sections 12–120.21(A)(1) (1992), 13–4031 (1989), and 13–4032 (Supp.1997).

¶ 5 "We review the facts in the light most favorable to sustaining the trial court's ruling on a motion to suppress, and we will not disturb its ruling absent clear and manifest error." State v. Hyde, 186 Ariz. 252, 265, 921 P.2d 655, 668 (1996), cert. denied, —— U.S. ——, 117 S.Ct. 1091, 137 L.Ed.2d 224 (1997). We conclude that the evidence supports the trial court's findings of fact.

¶ 6 Turning to the trial court's conclusion of law, we begin with the suppression order, which stated, in part, "It is the opinion of this Court that the case of State v. LaPonsie, 136 Ariz. 73, 664 P.2d 223 [ (App.1983),] is dispositive of the motion." In LaPonsie, police executed a search warrant on the home of drug dealers by announcing as they came through the open front door. 136 Ariz. at 74, 664 P.2d at 224. The court concluded that this entry was a "breaking" within the meaning of section 13–3916(B) and that the

police did not meet the reasonable time requirement of section 13–3916(B). *Id.* The court noted that *State v. Bates,* 120 Ariz. 561, 563, 587 P.2d 747, 749 (1978), "held that, absent exigent circumstances, a three to five second wait following the announcement of authority and purpose was unreasonable." *LaPonsie,* 136 Ariz. at 75, 664 P.2d at 225. We agree with the trial court's reading of *LaPonsie,* and the State must not disagree, for the State does not mention *LaPonsie* in either its opening or reply brief.

¶ 7 The State instead argues that it was reasonable for the officers to make a "no knock" entry because Defendants were "large scale drug dealers," and, therefore, the officers "did not have to wait for [Defendants] to arm themselves, escape, or try to destroy evidence." This sort of argument was rejected in *Richards v. Wisconsin,* 520 U.S. 385, ——, 117 S.Ct. 1416, 1418, 137 L.Ed.2d 615 (1997), which reviewed a court-created rule that police can make a "no knock" entry when executing a search warrant in a felony drug case. In rejecting that rule and reversing the case that created it, *Richards* held as follows:

> In order to justify a "no knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.

*Id.* at ——, 117 S.Ct. at 1421.

¶ 8 Arizona case law is consistent with *Richards,* except that our supreme court requires more than "reasonable suspicion" to justify a "no knock" entry. *See State v. Mendoza,* 104 Ariz. 395, 399–400, 454 P.2d 140, 144–45 (1969) ("There must be substantial evidence which would cause the officers to believe that such evidence would be destroyed if their presence were announced."); *see also Bates,* 120 Ariz. at 563, 587 P.2d at 749 (requiring "substantial evidence" of exigent circumstances).

¶ 9 When analyzing whether officers had reasonable suspicion, our review is *de novo. See Ornelas v. United States,* 517 U.S. 690, 698–99, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996) (an appellate court should review *de novo* ultimate questions of reasonable suspicion and probable cause). We conclude that the State failed to show that reasonable suspicion existed to justify a "no knock" entry, and it therefore also failed to satisfy the higher standard of "substantial evidence."

¶ 10 The State's evidence of reasonable suspicion was capsulized by the lead officer, who said that, based on his considerable experience,

> when [felony drug suspects] know who you are, and they see you, they know why you are there, that to protect evidence from being destroyed or for some type of guns to be drawn or somebody escaping out the back door, we make entry and secure the scene.

These generalized suspicions were not reasonable in this case because the officers had seen no weapons during their three-month surveillance or when looking through the window and the door before breaking in; they had seen far more marijuana carried into the home than could be quickly destroyed; and they had an officer stationed at the back door to stop any escape attempts. To find "reasonable suspicion" of exigent circumstances on this record would violate *Richards* (and *Mendoza* and *Bates*); it would create a "no knock" rule for felony drug cases.

¶ 11 In the alternative, the State argues that, even if the officers acted unreasonably, the evidence should be admissible because the exclusionary rule applies only to violations of constitutional rights, as opposed to statutory rights. This argument was mooted by *Wilson v. Arkansas,* 514 U.S. 927, 934, 115 S.Ct. 1914, 1918, 131 L.Ed.2d 976 (1995), which held that the "knock and announce" principle is "an element of the reasonableness inquiry under the Fourth Amendment."

¶ 12 The State also argued for a good faith exception. The trial court held that this exception did not apply. We agree. A.R.S. section 13–3925(C)(1) (1989) provides, " 'Good faith mistake' means a reasonable judgmental error concerning the existence of facts which if true would be sufficient to

constitute probable cause." But probable cause is not the question here, for the officers undisputedly had both probable cause and a search warrant. The question is whether the officers properly executed the warrant. They did not, and the good faith exception therefore does not apply. The good faith exception "assumes, of course, that the officers properly executed the warrant." *United States v. Leon,* 468 U.S. 897, 918 n. 19, 104 S.Ct. 3405, 3418 n. 19, 82 L.Ed.2d 677 (1984).

¶ 13 The State's reply brief raises two new issues, which we decline to address. A reply brief "shall be confined to a response to questions of law or fact raised by the appellee's brief." Ariz. R.Crim. P. 31.13(c)(3). An appellate court can "disregard substantive issues raised for the first time in the reply brief." *State v. Cannon,* 148 Ariz. 72, 79, 713 P.2d 273, 280 (1985).

¶ 14 The suppression order is affirmed.

LANKFORD, P.J., and GARBARINO, J., concur.