Reversed and Remanded and Opinion filed September 12, 2002









Reversed and Remanded and Opinion
filed September 12, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01028-CR

____________

 

GILBERT COLEMAN PRICE,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

_________________________________________________

 

On Appeal from the 228th
District Court

Harris
County, Texas

Trial Court Cause No. 875,465

_________________________________________________

 

O P I N I O N

Gilbert Coleman Price appeals his
conviction and sentence of three years deferred adjudication for possession of
more than four but less than two-hundred grams of cocaine.  Appellant contends the trial court erred in
overruling his motion to suppress evidence pursuant to the Fourth and
Fourteenth Amendments to the United States Constitution because the police
violated the Aknock and announce@ rule.  We reverse and remand for further proceedings
consistent with this opinion.








Procedural Background

On April 23, 2001, Officer Michael R.
Burdick executed a search and arrest warrant at appellant=s home.  Prior to trial, appellant filed a motion to
suppress evidence, claiming the search and arrest Awere conducted without legal
justification@ because the officers Adid not comply with the >knock, announce, and wait= rule set out in federal law.@ 
The motion to suppress was heard on affidavits.  Appellant=s affidavit asserted that A[w]hen the police entered [his] house
just before midnight on April 23, 2001, they did so via a forced hard entry
through the side door.  At no time did
[he] or any of the other people in [his] house hear the police knock and
announce themselves before they broke through the side door.@ 
Without presenting additional evidence, the State produced a single
affidavit that had been submitted by Officer Burdick in support of the warrant
to search appellant=s home.  The State relies exclusively upon the following sentence
in the affidavit:  AIt
has been the experience of your affiant that individuals who are in the
possession of controlled substances are normally in possession of firearms and
such should be considered armed and dangerous.@ 
Defendant pled guilty but reserved the right to appeal the trial court=s denial of his motion to suppress.

Standard of Review

We review a trial court=s ruling on a motion to suppress
under an abuse of discretion standard.  Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  We
give great deference to a trial court=s determination of historical fact.  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
When, as here, the trial court does not file findings of fact, we assume
the court made implicit findings that support its ruling, so long as those
implied findings are supported by the record. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000).  We conduct de novo review of
mixed questions of law and fact that do not turn on the credibility and
demeanor of a witness.  Guzman,
955 S.W.2d at 89.








Legal Development

Whether the common law requirement that police knock and
announce their presence prior to entering the home to search and/or arrest was
covered under the Fourth Amendment had not been decided by the United States
Supreme Court prior to the publication of Wilson v. Arkansas.[1]  514 U.S. 927, 934 (1995).  In Wilson, the police entered the
defendant=s home by opening a screen door
without first announcing their presence.  Id. 
at 929.  Once inside, the officers
seized marijuana, methamphetamines, valium, narcotics paraphernalia, a gun, and
ammunition.  Id.  Disagreeing with the Arkansas Supreme Court,
the Supreme Court held that the common law Aknock and announce@ rule forms a part of the
reasonableness inquiry under the Fourth Amendment.  Id at 930.  Although Wilson involved a search, not
an arrest, LaFave indicates there is Alittle if any doubt@ that the execution of arrest
warrants also requires notice.  3 Wayne R. LaFave,
Search and Seizure: A Treatise on the Fourth Amendment ' 6.2(a) (3d ed. 1996).  Wilson incorporated the
knock-and-announce rule into the Fourth Amendment but left unidentified the
circumstances under which the failure to knock and announce would be
excused.  514 U.S. at 936.  This fact intensive question was left to the
lower courts.  Id.








Even before the Supreme Court=s jurisprudential shift in Wilson,
lower courts invoked both the Ker factors
and similar rationales in analyzing whether a failure to knock and announce
would be permissible.  See, e.g.,
United States v. Lalor, 996 F.2d 1578, 1584 (4th
Cir. 1993); People v. Rosales, 437 P.2d 489, 493 (Cal. 1968) (providing
exceptions for danger to the officer, destruction of evidence, or frustration
of arrest); People v. Gastelo, 432 P.2d 706,
707B08 (Cal. 1967); see also Reynolds
v. State, 238 So.2d 557, 559B60 (Ala. Crim.
App. 1970).  Other approaches provided
for a blanket exception based on the assumption, usually viable in narcotics
cases, that evidence could always be easily and rapidly discarded

Two years after Wilson, in Richards
v. Wisconsin, the Supreme Court adopted the first approach and rejected the
latter, holding:

In order to justify a Ano-knock@ entry, the police must have a reasonable suspicion
that knocking and announcing their presence, under the particular
circumstances, would be dangerous or futile, or that it would inhibit the
effective investigation of the crime by, for example, allowing the destruction
of evidence.

 

520 U.S. 385, 394 (1997) (emphasis added); see also Roska v. Peterson, No. 01-4057, 2002 WL 2029303, at *3
(10th Cir. Sept. 5, 2002).  The court reasoned that A[t]his standardCas opposed to a probable-cause
requirementCstrikes the appropriate balance
between the legitimate law enforcement concerns at issue in the execution of
search warrants and the individual privacy interests affected by no-knock
entries.@ 
Richards, 520 U.S. at 394.

As Richards and Wilson are such recent cases, few
intermediate Texas courts have addressed these issues.  See Broussard v. State, 68 S.W.3d 197, 199
n.2 (Tex. App.CHouston [1st Dist.] 2002, no pet.) (en banc) (finding evidence insufficient to
demonstrate counsel ineffective for failing to file a suppression motion based
upon officers= unannounced entry); Stokes v. State, 978 S.W.2d 674,
676 (Tex. App.CEastland 1998, pet. ref=d) (discussed below); Robinett
v. Carlisle, 928 S.W.2d 623, 627 n.5 (Tex. App.CFort Worth 1996,
pet. denied).  No opinion from the Texas
Court of Criminal Appeals is on point.

Discussion

 The State does not
dispute appellant=s claim that Officer Burdick failed to knock and announce prior
to entering the home.  Rather, the State
contends the search was lawful because Officer Burdick=s
warrant affidavit demonstrates knocking and announcing would have been
dangerous and futile, one of the exceptions to the rule set out in Richards.  520 U.S. at 394.








It is instructive to examine the circumstances
under which courts have upheld no-knock entries.  In Stokes v. State, a no-knock entry
was upheld where the officer testified he had received reliable information
from informants that guns (as well as marijuana) were in the residence.  978 S.W.2d at 675.  Reasonable suspicion has been found where
affidavits averred that a gun had been seen in the home more than five days
prior to execution of the warrant.  United
States v. Brown, 276 F.3d 14, 14 (1st Cir. 2002) (equally divided en banc
decision).  Other courts have affirmed
no-knock entries upon a showing that the defendant had little more than a
violent past.  See, e.g., United
States v. Reilly, 224 F.3d 986, 991 (9th Cir. 2000) (defendant sought in
another jurisdiction for numerous violent offenses); United States v. Jewell,
60 F.3d 20, 23B24 (1st Cir. 1995) (defendant kept a
pit bull dog in the apartment, and had an Aextensive history of arrest and
conviction for violent crimes.@); but see United States v. Bates, 84 F.3d 790, 796B97 (6th Cir. 1996) (finding no‑knock
entry illegal where, despite information that a gun was in the apartment, there
was neither an indication that the defendants were violent and likely to use a
weapon if confronted by law enforcement officers nor evidence they had a
criminal history of violence or a reputation indicating they were likely to be
violent).  Additionally, affirmance has sometimes been based on combinations of a
defendant=s criminal past, violent threats, and
police officers= suspicion that the defendant knew he was wanted.  See, e.g., United States v. Hawkins,
139 F.3d 29, 32 (1st Cir. 1998).  Exigent
circumstances have also been found where the warrant stemmed from an
investigation of a violent crime.  See,
e.g., State v. Nordstrom, 25 P.3d 717, 734 (Ariz. 2001) (multiple murders).








The showing required to invoke Richards= danger exception is Anot high.@ 
520 U.S. at 394B95.  Even with this low
burden, however, our examination of the record reveals no evidence
demonstrating the officers in this particular case had reason to believe
appellant himself was either armed or dangerous.  Officer Burdick=s statement in his warrant affidavit,
AIt has been the experience of your
affiant that individuals who are in the possession of controlled substances are
normally in possession of firearms and such should be considered armed and
dangerous,@ is not sufficient to justify a
no-knock entry.  See State v. Cohen,
957 P.2d 1014, 1016 (Ariz. Ct. App. 1998) (affirming suppression under similar
facts).[2]  To be sure, drug dealers frequently respond
with violence when threatened with arrest. 
Nevertheless, Aif a per se exception were allowed for each category of criminal
investigation that included a considerableCalbeit hypotheticalCrisk of danger to officers or
destruction of evidence, the knock‑and‑announce element of the
Fourth Amendment=s reasonableness requirement would be meaningless.@ 
Richards, 520 U.S. at 394; see also United States v. Valdez,
Nos. 01‑41014, 02‑40231, 2002 U.S. App. LEXIS 16184, at *5B6 (5th Cir. August 12, 2002)
(affirming suppression where officer justified the entry on the grounds that Adefendant was a known drug dealer and
that known drug dealers are prone to certain violent behavior.@).








As the State points out, Richards did
not involve the review of reasonableness under specific facts, but rather a
judicially created, explicit exception to the knock-and-announce
requirement.  However, based on this
distinction, no authority permits the State=s conclusion that Awhile [Officer Burdick=s] statement is couched in terms of
the general, the fact that such a statement was included in this specific
affidavit indicates that the affiant believed that the target in this case would
be armed and dangerous.@  The language in Richards
requiring evidence of dangerousness under the particular circumstances,
as well as the cases that have followed it, are contrary to the State=s argument.  See Garza v. State, 632 N.W.2d 633,
638B39 
(Minn. 2001) (affirming suppression where unannounced search defended
only by general statement in affidavit that APersons involved in Drug trafficking
will destroy evidence . . . [and] will use violence . . .@); State v. Johnson, 775 A.2d
1273, 1279B82 (N.J. 2001) (suppression affirmed where
officers= testimony regarding risk of violence
and destructibility of evidence was conclusory and
lacked specific factual references);  Mazepink v. State, 987 S.W.2d 648, 655 (Ark.
1999) (suppression appropriate even though police officers testified as to
their general experience in serving drug search warrants); People v. Wright,
697 N.E.2d 693, 696 (Ill. 1998) (affirming suppression where evidence that
firearms were in residence but no evidence that the weapons would be used
against police if announcement made); Cohen, 957 P.2d at 1016.

Here there
was no threat of violence, no history of violence, no reliable or even
unreliable indication arms were actually in appellant=s home, and no indication appellant
knew he was under suspicion.  The mere assumption that those in possession of controlled
substances are normally also in possession of firearms is insufficient as a
matter of law to eliminate the notice requirement.  Richards, 520 U.S. at 394B95; Valdez, 2002 U.S. App.
LEXIS 16184, at *5B6.  We sustain
appellant=s issue.

Accordingly, we reverse the trial
court=s judgment and remand this case for
further proceedings consistent with this opinion.[3]  

 

 

/s/        Eva
M. Guzman

Justice

 

Judgment rendered
and Opinion filed September 12, 2002.

Panel consists of
Justices Yates, Seymore, and Guzman.

Publish C Tex. R. App. P. 47.3(b).

 











[1]  The best
authority available had been a plurality decision in a challenge to a no-knock
arrest in Ker v. California, 374 U.S.
23 (1963) (plurality opinion).  See
also 3 Wayne R. LaFave,
Search and Seizure: A Treatise on the Fourth Amendment ' 4.8(a), 6.2(a) (3d ed. 1996) (discussing entry
without notice to search and arrest). 
The four dissenters in Ker would
have included the notice requirement within the Fourth Amendment and identified
three exceptions: (1) actual awareness of the officers= authority or presence; (2) imminent danger of bodily
harm to the officers; or (3) actual and justifiable belief by the officers that
an escape or destruction of evidence is underway.  Ker, 357
U.S. at 47 (Brennan, J., dissenting)





[2]  In Cohen,
the only evidence cited by the State was the lead officer=s statement that Awhen
[felony drug suspects] know who you are, and they see you, they know why you
are there, that to protect evidence from being destroyed or for some type of
guns to be drawn or somebody escaping out the back door, we make entry and
secure the scene.@  957 P.2d at
1016.





[3]  Although not
raised in appellant=s brief, a closely related and perhaps more vital
issue C the type of notice that will pass muster under the
Fourth Amendment C has also eluded consideration by Texas courts.  Lacking definitive guidelines, police
officers in several Texas counties have testified that they perhaps violate the
rule in Wilson and Richards in all cases.  See United States v. Cantu, 230 F.3d
148, 154 n.1 (5th Cir. 2000) (Calhoun County);  Broussard v. State, 68 S.W.3d 197, 210
n.4 (Tex. App.CHouston [1st Dist.] 2002,  no pet.) (en banc) (Cohen, J., dissenting)
(Harris County); see also 2 Wayne
R. LaFave, Search and Seizure: A Treatise on the
Fourth Amendment ' 4.8(c) (3d ed. 1996 & Supp. 2002) (police must
provide notice of both authority and purpose, and then wait long enough to give
occupant a reasonable opportunity to surrender).  LaFave does
indicate that the requirement that police wait for refusal has often been
narrowly construed.  Compare United
States v. Knapp, 1 F.3d 1026, 1030B31 (10th
Cir. 1993) (conviction affirmed where officers waited only 10 to 12 seconds for
amputee to answer the door).