NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TAMI HANSON RODRIGUEZ, *Appellant.*

No. 1 CA-CR 24-0114

FILED 03-27-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-145999-001
The Honorable Scott Minder, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey D. Ball
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld, Laila Ikram
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Andrew M. Jacobs joined.

---

**B A I L E Y**, Judge:

¶1 Tami Hanson Rodriguez appeals her conviction and sentence for third-degree burglary. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 We view the facts in the light most favorable to sustaining Rodriguez's conviction and resolve all reasonable inferences against her. *See State v. Fierro*, 254 Ariz. 35, 38, ¶ 2 (2022).

¶3 In October 2022, a condominium resident ("Homeowner") was on her patio in the middle of the night when she heard a loud bang from the condominium complex's mailboxes. Suspecting mail theft, Homeowner began recording video on her phone as she walked over to the mailboxes. There, she found a man, later identified as Kendrick Miller, holding a bag open while Rodriguez was "shoveling" mail into it.

¶4 When Miller saw Homeowner recording them, he yelled, "[H]urry up!" He pushed Homeowner to the ground and grabbed her phone. Homeowner fought back, and Miller dropped the phone. Rodriguez and Miller ran to the parking lot, with Rodriguez holding the bag of mail.

¶5 Hoping to capture their license plate number, Homeowner ran after Rodriguez and Miller to the parking lot. She heard a female voice yell, "[P]hone!" Miller turned around and tackled Homeowner, trying to again grab her phone. Homeowner held onto her phone and fought Miller off. Miller ran to join Rodriguez in their car, and the two drove off.

¶6 The State charged Rodriguez with third-degree burglary and attempt to commit aggravated robbery. Rodriguez testified in her own defense at trial. The jury found Rodriguez guilty of third-degree burglary but acquitted her of attempted aggravated robbery. The court sentenced Rodriguez to a mitigated term of six years' imprisonment, with 36 days of

presence incarceration credit, followed by a term of community supervision. Rodriguez timely appealed.

**¶7** We have jurisdiction over Rodriguez's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶8** On appeal, Rodriguez argues the superior court erred by: (1) refusing to strike prospective Juror 15 ("Juror 15"), (2) denying her motion for mistrial, (3) denying her motion for acquittal under Arizona Rule of Criminal Procedure 20(a)(1), and (4) denying her request to include criminal trespass as a lesser-included offense of third-degree burglary.

I.     The superior court did not err by refusing to strike Juror 15.

**¶9** During voir dire, the State and defense counsel questioned Juror 15 regarding a defendant's right to not testify at trial. After Juror 15 stepped out of the courtroom, defense counsel moved to strike Juror 15 for cause, arguing Juror 15's responses revealed equivocation and bias as to a defendant's right not to testify. The court denied the motion and empaneled Juror 15.

**¶10** In her opening brief, Rodriguez claims Juror 15's responses revealed equivocation and bias regarding her right to not testify, which she argues violated her right to a fair and impartial jury. *See* Ariz. Const. art. 2, §§ 23, 24; U.S. Const. amends. VI, XIV.

**¶11** "Persons biased or prejudiced" for "or against" any party in an action "shall be disqualified to serve as jurors." A.R.S. § 21-211; *accord* Ariz. R. Crim. P. ("Rule") 18.4(b) ("The court, on motion or on its own, must excuse a prospective juror . . . if there is a reasonable ground to believe that the juror . . . cannot render a fair and impartial verdict."). "The party challenging a juror for cause has the burden to establish by a preponderance of the evidence that the juror cannot render a fair and impartial verdict." Ariz. R. Crim. P. 18.5(h).

**¶12** We review the superior court's refusal to strike a juror for cause for an abuse of discretion. *State v. Montoya*, ___ Ariz. ___, ___, ¶ 72, 554 P.3d 473, 500 (2024). Given the superior court is in the best position to assess a potential juror's fairness and impartiality, we will affirm unless the refusal was "clearly untenable, legally incorrect, or amounted to a denial of justice." *Id.* at ¶ 71 (quoting *State v. Chapple*, 135 Ariz. 281, 297 n.18 (1983),

*superseded on other grounds by* A.R.S. § 13-756). Because defense counsel objected to Juror 15's empanelment, we review any error for harmless error. *See id.* at ¶ 72.

**¶13** Here, because Rodriguez chose to testify at trial, any error that could have resulted from Juror 15's empanelment was harmless. We therefore need not reach whether the superior court abused its discretion in denying Rodriguez's motion to strike Juror 15.

**¶14** In her reply brief, Rodriguez makes additional arguments about her motion to strike Juror 15. Even assuming Rodriguez did not waive these arguments by raising them for the first time in her reply brief, *see State v. Cohen*, 191 Ariz. 471, 474, ¶ 13 (App. 1998), these arguments fail.

**¶15** Rodriguez asserts that she proved there existed a "reasonable ground to believe" Juror 15 could not be fair and impartial, pursuant to Rule 18.4(b). But absent an abuse of discretion, we defer to the superior court's determination of whether such a "reasonable ground" was proved. *See Montoya*, 554 P.3d at 500, ¶¶ 72–79. Here, by empaneling Juror 15, the court implicitly found no reasonable ground to believe Juror 15 could not render a fair and impartial verdict. We defer to this finding, which the record supports.

**¶16** Rodriguez also cites the 2022 Comment to Rule 18.5(f), which instructs the superior court to "refrain from attempting to rehabilitate prospective jurors by asking leading, conclusory questions . . . ." But this is irrelevant because only the State and defense counsel questioned Juror 15. The court did not question Juror 15, much less attempt to rehabilitate her.

II.  The superior court did not err by denying Rodriguez's motion for mistrial.

**¶17** The State sought to admit into evidence a compilation of video clips excerpted from Rodriguez's interview with the investigating detective. At Rodriguez's objection, the parties agreed to redact a portion of one of the video clips by muting it.

**¶18** The court admitted into evidence the edited video clip compilation. After playing the video clip to the jury, the State asked the detective, "So regarding the portion that's been edited out, was she talking about something other than this incident?" The detective replied, "No." The State also asked, "[D]uring your interview with the Defendant, you discussed a lot of things and some of those things have been edited out as

they are not specifically related to this incident. Is that an accurate assessment?" The detective responded, "Yes."

**¶19** Rodriguez did not contemporaneously object to the State's questioning. She later moved for a mistrial, arguing the questioning could have led the jury to infer that the redacted portion concerned other crimes or wrongdoing. The court advised it would rule on the mistrial motion after reviewing a video recording of the State's questioning. The next day, the court denied the motion in a written ruling, explaining:

> The phrase "something other than this incident" does not necessarily imply that there are multiple instances. The detective could have been discussing just about anything. Perhaps if the State had emphasized "this" when she said "this incident," that may have signaled something along the lines of Ms. Rodriguez' concern. But the Court did not detect that inflection during the trial or on its video review. And beyond that, the answer "no" does not raise suspicions. Likewise, a questioning indicating that the conversation covered "a lot of things" other than "this incident" absent more does not raise any additional concerns or inferences.

**¶20** The final jury instructions also instructed the jury not to speculate about deleted portions of the exhibits.

**¶21** Rodriguez argues the court erroneously denied her motion for a mistrial. "A declaration of a mistrial [] is 'the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted.'" *State v. Dann*, 205 Ariz. 557, 570, ¶ 43 (2003) (citation omitted). We review the superior court's denial of a motion for mistrial for an abuse of discretion. *State v. Jones*, 197 Ariz. 290, 304, ¶ 32 (2000).

**¶22** Here, the State's questioning made no explicit reference to other crimes or wrongdoing, and we defer to the superior court's finding that the State's questioning did not similarly imply other crimes or wrongdoing occurred. In addition, the jury was instructed on redacted evidence, and we presume the jury followed its instructions. *See State v. Hidalgo*, 241 Ariz. 543, 554, ¶ 43 (2017). The superior court did not abuse its discretion in denying Rodriguez's motion for mistrial.

III.    The superior court did not err by denying Rodriguez's Rule 20 motion for acquittal.

¶23        In her opening brief, Rodriguez argues the evidence did not support a conviction for aggravated robbery, and the superior court should have granted her motion for judgment of acquittal. *See* Ariz. R. Crim. P. 20(a)(1). But Rodriguez has no conviction for aggravated robbery—the jury acquitted her of that charge. And her reply brief merely reincorporates this argument, stating: "The trial court erred in denying the Rule 20 Motion for Acquittal. Undersigned counsel relies on the argument presented in the Opening Brief." Rodriguez has failed to raise, and thus waived, any argument that would have allowed us to address the sufficiency of evidence as to her burglary conviction. *See State v. Bolton*, 182 Ariz. 290, 298 (1995) (recognizing that an insufficient argument waives a claim on review), *abrogation on other grounds recognized by McKinney v. Ryan*, 813 F.3d 798, 815–16 (9th Cir. 2015).

IV.    The superior court correctly refused to include criminal trespass as a lesser-included offense of third-degree burglary.

¶24        At trial, Rodriguez requested "criminal trespass" as a lesser-included offense of third-degree burglary, arguing the mailbox area should be considered residential. The State argued the mailbox area was nonresidential because it was in an unfenced common area. The court denied Rodriguez's requested instruction, explaining that first-degree criminal trespass required a residential structure, and the mailbox area was not residential.

¶25        In her opening brief, Rodriguez lists offenses "such as" "theft," "aiding and abetting," and "possession of stolen property," suggesting one or more of these offenses should have been included as a lesser-included offense of aggravated robbery. Again, we do not address her arguments as to aggravated robbery because the jury acquitted her of that charge.

¶26        In her reply brief, Rodriguez argues for the first time that the jury should have been instructed on *second*-degree trespass as a lesser-included offense of third-degree burglary. Rodriguez urges us to depart from *State v. Kozan*, 146 Ariz. 427 (App. 1985), which holds that second-degree trespass is not a lesser-included offense of third-degree burglary as a matter of law. *Id.* at 429. But again, Rodriguez has waived this argument by failing to raise it until her reply brief. *See Cohen*, 191 Ariz. at 474, ¶ 13.

And even assuming she did not waive this argument, Rodriguez has shown no error.

**¶27**        When she requested the lesser-included instruction at trial, Rodriguez failed to specify which degree of criminal trespass she was talking about—she argued only that the mailboxes were residential, suggesting she was requesting only a first-degree criminal trespass instruction.    *See* A.R.S. § 13-1504(A) (defining first-degree criminal trespass).    The superior court correctly refrained from giving an unrequested instruction for *second*-degree criminal trespass.  *See* Ariz. R. Crim. P. 21.4(a)(1) ("*On request* by any party and if supported by the evidence, the court must submit forms of verdicts to the jury for [] all offenses necessarily included in the offense charged . . . .") (emphasis added); *see also State v. Gipson*, 229 Ariz. 484, 487, ¶ 15 (2012) ("In general the trial judge should withhold charging on lesser included offenses unless one of the parties requests it . . . .") (quoting *Walker v. United States*, 418 F.2d 1116, 1119 (D.C. Cir. 1969)).  In fact, the court would have erred by giving the instruction, as doing so would have required it to disregard *Kozan*, which it is bound to follow.

## CONCLUSION

**¶28**        We affirm.

