Matthew STOKES, Appellant,

v.

STATE of Texas, Appellee.

No. 11–97–00251–CR.

Court of Appeals of Texas,
Eastland.

Sept. 24, 1998.

Charles E. Rice, Abilene, for appellant.

James Eidson, Criminal Dist. Atty., Kollin Shadle, Abilene, for appellee.

Before DICKENSON and WRIGHT, JJ., and McCLOUD, Senior Judge.[1]

## OPINION

DICKENSON, Justice.

The jury convicted Matthew Stokes of a "Class A" misdemeanor offense, possession of more than two ounces of marihuana.[2] The judge assessed the punishment[3] and sentenced appellant to confinement for 20 days and a fine of $200. We affirm the conviction.

### Points of Error

Appellant presents two points of error. First, he argues that the trial court erred in overruling his motion to suppress evidence because:

[T]he Officers' "Two Second" Wait Between Announcement and Forced Entry is an Unreasonable Search as a Matter of Law.

Appellant argues in his other point of error that the trial court erred in refusing to order disclosure of the name of the confidential informant pursuant to TEX.R.CRIM.EVID. 508(c)(3).

### Background Facts

Officer David Varner was the only witness for the State who testified at the hearing on appellant's motion to suppress evidence. Officer Varner testified that he was a narcotics officer for the Abilene Police Department and that he was one of the officers who executed the search warrant involving appellant on December 14, 1996. He also testified that he obtained information from a confidential informant in order to procure the search warrant. He produced the warrant, and he also testified that the confidential informant has "not been convicted of a felony" and has "provided information to you in the past which has always proven true and correct." He also testified that the informant had seen Stokes in possession of marihuana at the address named in the warrant within 72 hours prior to the issuance of the warrant. The warrant was issued a few minutes after midnight, and it was executed at 8:47 a.m. Several officers participated in the execution of the warrant.

Officer Varner said that Sergeant Joe Noret knocked on the front door and that both of them announced: "Police, search warrant." He said that there was no response and that they forced the door open and went inside the residence where appellant was found in possession of the marihuana and a .25 caliber pistol. They forced the door open with a device which they call a "slammer." It is a piece of pipe with a round metal plate on one end.

On cross-examination by appellant's attorney, Officer Varner testified in answer to a question as to "how much time did you allow" for them to answer the door? "Maybe two seconds."

On re-direct examination, Officer Varner testified that they had information that there were weapons in the house and that they believed there were weapons in the house. In fact, the officers found marihuana and six weapons in the house.

Appellant's lawyer called one witness in rebuttal. That witness was a neighbor who saw the incident and who testified that the officers did not knock before breaking the door down. He also testified that the offi-

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

2. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon Supp.1998) defines the offense (possession of more than two, but not more than four, ounces of marihuana).

3. TEX. PENAL CODE ANN. § 12.21 (Vernon 1994) provides that a person convicted of a Class A misdemeanor shall be punished by a fine of not more than $4,000, confinement for not more than one year, or by both a fine and confinement.

cers "didn't holler nothing." Appellant's lawyer argued to the trial court, after the evidence was developed on his motion to suppress, that the United States Supreme Court has said that "police must knock and announce when executing a search warrant;" and he also argued that, if they fail to do so, an exclusionary rule applies. Appellant's lawyer argued that the officers did not "knock and announce." He refers to the neighbor's testimony and then he argues that Officer Varner's testimony (that we waited "maybe two seconds" before we knocked the door down) is "tantamount to no knock at all."

### Motion to Suppress

There are two United States Supreme Court cases which appellant and the State have both discussed in their briefs. Neither case supports appellant's position that the "two second" wait between the announcement and the forced entry makes the search unreasonable "as a matter of law."

The first case is *Wilson v. Arkansas*, 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). The court said in a unanimous opinion:

> At the time of the framing [of the Constitution], the common law of search and seizure recognized a law enforcement officer's authority to break open the doors of a dwelling, but generally indicated that he first ought to announce his presence and authority. In this case, we hold that this common-law "knock and announce" principle *forms a part of the reasonableness inquiry under the Fourth Amendment.*
>
> \* \* \*
>
> Given the longstanding common-law endorsement of the practice of announcement, we have little doubt that the Framers of the Fourth Amendment thought that the method of an officer's entry into a dwelling was *among the factors to be considered in assessing the reasonableness of a search or seizure.* Contrary to the decision below, *we hold that in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment.*

This is not to say, of course, that every entry must be preceded by an announcement. *The Fourth Amendment's flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests.*

> \* \* \*
>
> For now, we leave to the lower courts the task of determining the circumstances under which an unannounced entry is reasonable under the Fourth Amendment. We simply hold that although a search or seizure of a dwelling might be constitutionally defective if police officers enter without prior announcement, *law enforcement interests may also establish the reasonableness of an unannounced entry.* (Emphasis added)

The second case which discusses the "knock-and-announce" requirement is *Richards v. Wisconsin*, 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). The court said in another unanimous opinion:

> We disagree with the [Wisconsin Supreme] court's conclusion that the Fourth Amendment permits a blanket exception to the knock-and-announce requirement for this entire category of criminal activity.
>
> \* \* \*
>
> In order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.... This showing is not high, but *the police should be required to make it whenever the reasonableness of a no-knock entry is challenged.*

Although we reject the Wisconsin court's blanket exception to the knock-and-announce requirement, we conclude that the officers' no-knock entry into Richards' hotel room did not violate the Fourth Amendment. We agree with the trial

court ... that the circumstances in this case show that the officers had a reasonable suspicion that Richards might destroy evidence if given further opportunity to do so.

\* \* \*

In arguing that the officers' entry was unreasonable, Richards places great emphasis on the fact that the magistrate who signed the search warrant for his hotel room *deleted the portions of the proposed warrant that would have given the officers permission to execute a no-knock entry.* But this fact does not alter the reasonableness of the officers' decision, *which must be evaluated as of the time they entered the hotel room.* (Emphasis added)

We also note that the Supreme Court stated in Footnote "6b" that a magistrate's decision not to authorize a no-knock entry "should not be interpreted to remove the officers' authority to exercise independent judgment concerning the wisdom of a no-knock entry at the time the warrant is being executed."

See also and compare *Robinett v. Carlisle,* 928 S.W.2d 623, 627 fn. 5 (Tex.App.—Fort Worth 1996), *cert. den'd,* —— U.S. ——, 118 S.Ct. 74, 139 L.Ed.2d 33 (1997), where the court said:

> The United States Supreme Court has held that the common law "knock and announce" principle forms part of the reasonableness inquiry. See *Wilson v. Arkansas,* [supra]. Given that Robinett had been warned that the occupants of the house could pose a serious danger to police officers and that the officers feared destruction of the evidence, the policy ... followed by Robinett in this instance was objectively reasonable.

■ In the case before us, Officer Varner testified that the officers had information that not only marihuana but also guns were in the residence which was to be searched and that they believed this information which came from a reliable informant. This testimony supports the trial court's ruling that the entry was reasonable under the circumstances. The first point of error is overruled.

### Refusal to Disclose Identity of Informant

■ There was no testimony during the hearing on "Defendant's Motion for Discovery of Informant's Identity." Appellant's trial counsel argued in the trial court that he needed "to know the identity of that informant" in order to cross-examine him and to determine whether or not the informant told the police that there were weapons in the house. The State argued in response that Officer Varner's affidavit establishes the informant's reliability by stating that the informant had given information in the past which had proven to be correct and that the informant had never been convicted of a felony. The State also argued to the trial court that the informant was not going to be a witness at trial.

Appellant cites Rule 508(c)(3) which provides in pertinent part:

> If information from an informer is relied upon to establish the legality of the means by which evidence was obtained *and the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, it may require the identity of the informer to be disclosed.* (Emphasis added)

Appellant has not shown that the trial court erred in refusing to require the State to disclose the identity of the informant. This provision is written in discretionary terms; consequently, the trial court's ruling will be sustained unless appellant shows an abuse of the trial court's discretion. *Hall v. State,* 778 S.W.2d 473, 474 (Tex.App.—Houston [14th Dist.] 1988, pet'n ref'd). The record before the trial court at the hearing on this motion was sufficient to permit the trial court to be "satisfied that the information was received from an informer reasonably believed to be reliable or credible." The second point of error is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.