IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41014
c/w 02-40231
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

JOSE TRINIDAD VALDEZ, III, also known as Trinito;
SAN JUANITA ALVAREZ VALDEZ,

Defendants - Appellees.

_____

Appeals from the United States District Court
for the Southern District of Texas
_____

August 12, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:

The United States appeals from orders entered by the district court granting motions to suppress filed by each of the defendants/appellees on the grounds that the state officers executing a search warrant as to a private residence failed to comply with the "knock and announce" common law rule.

After considering the record, briefs, and oral argument in this case, it is clear to us that the district judge conducted an extensive hearing, that he carefully considered all of the facts

and circumstances associated with this arrest, and that none of his factual findings is clearly erroneous. Given his factual findings, we hold that the district judge did not abuse his discretion in suppressing the evidence. In upholding the district court's ruling, we emphasize that this case is close, which all the more requires us to abide by the findings of the factfinder here, who clearly had a firm grasp of this case. We attach as an addendum to this opinion the order of the district court suppressing the evidence. The judgments and rulings of the district court are accordingly

AFFIRMED.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA,     §

§

v.     §  CRIMINAL NO. C-01-59

§

JOSE TRINIDAD VALDEZ,     §

## ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS

On May 24, 2000, Criselda Pendleton of the South Texas Specialized Crimes and Narcotics Task Force petitioned for a search and arrest warrant subsequently issued Judge Chiuminatto.[*] The same day at approximately 10:00 p.m. the warrants were executed at Defendant's residence located on East Richard Street in Kingsville, Texas.[**]

Officer Pendleton, the case agent, tasked a five person entry team with execution of the warrant. In preparation for execution, the entry team dressed in ski masks, black "battle dress uniforms,"

---

[*]Defendant does not challenge the validity of the warrant but instead the manner by which it was executed.

[**]The officers testified that Defendant's neighborhood was notorious for narcotic activity and that neighboring homes were occupied by Defendant's relatives.

and combat boots.  As the van carrying the entry team traveled East bound on Richard street, a car with five male youths traveling West bound on Richard street turned into the driveway of Defendant.  The entry team van followed the car into the driveway and parked.  The team exited the van, rushed toward the door of the house, yelled to the five youths "get down, police," and lined up single-file at Defendant's door.  Officer McCoy, the first team member in the line, knocked on the door with his hand and immediately kicked the door twice intending to open the door.  The second kick caused the door to open.  The warrant was executed resulting in the arrest of Defendant and seizure of approximately 75 grams of cocaine.

Defendant was indicted in a two count indictment for possession with intent to distribute a controlled substance in violation of 21 U.S.C. 846, 841(a)(1) and 841 (b)(1)(C).  On June 15, 2001, Defendant filed the instant motion to suppress evidence.  On June 28, 2001, the Court heard evidence as to Defendant's motion, and ordered further briefing as to Defendant's motion.  The Defendant filed a brief; the United States did not.

The common-law knock-and-announce rule that binds state police officers requires a wait in between the knock and any forced entry.  *See United States v. Jones*, 133 F.3d 358, 361 (5th Cir. 1998).  Because there was *no* wait in between the knock and the forced entry (much less a five second wait), the officers clearly violated the knock-and-announce rule by such failure.  "Generally, a delay of five-seconds or less after knocking and announcing has been held a

violation of 18 U.S.C. § 3109." *Id.* (the Court in *Jones* noted that § 3109 cases are informative for purposes of common-law knock-and-announce rule analysis).

The government failed to provide a convincing case that pausing some 10 to 20 seconds was not reasonable. The failure to wait was not mitigated by any exigent circumstance. In order to justify the entry, the police must have a reasonable suspicion that knocking and announcing, under the particular circumstances, would be dangerous and futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence. *See United States v. Cantu*, 230 F.3d 148, 152 (5th Cir. 2000).

No exigent circumstance existed inside the Defendant's home. There was no testimony at the suppression hearing that officers had any reason to believe that there were weapons in Defendant's home, or that armed and dangerous people were known or even rumored to be present there. No weapons were seized in the raid of Defendant's home. There was no testimony that any officer heard movements inside Defendant's home suggesting that evidence was being destroyed.

Ms. Pendleton justified the entry of her team's on the grounds that Defendant was a known drug dealer and that known drug dealers are prone to certain violent behavior. Such justification has been clearly rejected by the Fifth Circuit Court of Appeals. *See e.g. United States v. Cantu*, 230 F.3d 148, 152 (5th Cir. 2000) (citing

*Richards v. Wisconsin*, 520 U.S. 385, 394 (1997)).

No exigent circumstance existed outside Defendant's home.  At the suppression hearing, the officers asserted that they chose not to wait for purposes of ensuring their safety.  Many of Defendant's relatives lived near him (unidentified as to number, name, residence, and/or complicity).  Seven unknown individuals were in the yard outside of Defendant's house.  While expressing a desire for the cover of being inside Defendant's house, the presence of the two individuals under a tree in Defendant's yard, and the presence of the car load of youths in the driveway having been ordered to the ground without more is no evidence of danger to anyone especially since an additional 10 or more officers were on the scene or were immediately arriving.

The Court grants Defendant's Motion to Suppress.

ORDERED this _____ day of _____, 2001.

_____

H.W. HEAD, JR.

UNITED STATES DISTRICT JUDGE