MEMORANDUM OPINION




Nos. 04-03-00146-CR & 04-03-00147-CR



Michael BENITEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th Judicial District Court, Bexar County, Texas


Trial Court Nos. 2001-CR-6896A & 2002-CR-0893


Honorable Sid L. Harle, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: June 30, 2004


AFFIRMED AS REFORMED

 In cause number 2001-CR-6869A, Michael Benitez was charged with two counts: possession
of cocaine and possession of cocaine with intent to deliver. In cause number 2002-CR-0893, Benitez
was also charged with two counts: attempted capital murder of a peace officer and aggravated assault
upon a public servant. Following a jury trial, Benitez was found guilty of both counts in cause number
2001-CR-6869A, possession of cocaine and possession of cocaine with intent to deliver. However,
in cause number 2001-CR-0893, the jury found Benitez not guilty of the first count, attempted capital
murder of a peace officer. With respect to the second count, aggravated assault upon a public servant,
the jury found Benitez guilty. With respect to the charge of possession of cocaine with intent to
deliver, Benitez was sentenced to ten years imprisonment. With respect to the charge of possession
of cocaine, he was sentenced to five years imprisonment. And, with respect to the charge of
aggravated assault upon a public servant, he was sentenced to twenty-nine years imprisonment. 

 On appeal, Benitez argues that he was punished twice for the same offense in violation of the
Fifth Amendment to the Constitution and that the search of his home was performed illegally in
violation of the Fourth Amendment to the Constitution. Because Benitez's first issue has merit, we
reform the judgment in cause number 2001-CR-6869A to vacate the possession of cocaine conviction
but leave intact the conviction on possession of cocaine with intent to deliver. We affirm the judgment
as reformed. In cause number 2002-CR-0893, we affirm the judgment of the trial court.

Background


 On September 14, 2001, Bexar County Deputy Sheriffs executed a search warrant on
Benitez's house based on information from a confidential informant that there were drugs in the
house. Benitez and his girlfriend, Nancy Coultress, were the only people in the house at the time.
According to the officers, they knocked and announced their presence before ramming and breaching
the door. Once the first officer, Deputy Houston, entered the home, Benitez shot and injured him.
Houston and the other officers returned fire, shooting and injuring Benitez. Upon searching the home,
the officers found cocaine and marijuana.

 Double Jeopardy


 In his first issue on appeal, Benitez contends that he was punished twice for the same offense
when he was convicted of possession of cocaine with intent to deliver in Count I and sentenced to
ten years imprisonment and convicted of possession of cocaine in Count II and sentenced to serve
five years imprisonment. The State agrees that because possession of cocaine is a lesser included
offense of possession of cocaine with intent to deliver, double jeopardy prohibits prosecution and
punishment for both offenses. See Lopez v. State, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003).
Benitez and the State agree that the proper remedy in this circumstance is to retain the conviction
with the "most serious punishment." Landers v. State, 957 S.W.2d 558, 559-61 (Tex. Crim. App.
1997). Thus, the appropriate remedy here is to retain the possession of cocaine (4 grams but less than
200 grams) with intent to deliver conviction and to vacate the possession of cocaine (4 grams but less
than 200 grams) conviction. We, therefore, reform the judgment in Cause No. 2001-CR06869A to
so reflect.

Knock and Announce


 In his second issue on appeal, Benitez contends that the search of his home was illegal because
the sheriff's deputies failed to knock and announce their presence in violation of the Fourth
Amendment. We review the trial court's ruling on a motion to suppress for abuse of discretion.
Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). Under this standard, we afford
almost total deference to a trial court's determination of historical facts supported by the record,
especially when the findings are based on an evaluation of credibility and demeanor. Id. We afford
the same amount of deference to a trial court's ruling on "application of law to fact questions," also
known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an
evaluation of credibility and demeanor. Id. We, however, may review de novo "mixed questions of
law and fact" not falling within this category. Id.

 At trial, Benitez moved to suppress the evidence obtained during the search. Although the trial
court heard testimony outside the presence of the jury, the issue of the illegal search was also raised
and evidence presented in the jury's presence. Thus, in determining whether the trial court abused its
discretion in refusing to suppress the evidence, we consider both the evidence that was heard only
by the trial court as well as the evidence that was placed before the jury. Rachal v. State, 917 S.W.2d
799, 809 (Tex. Crim. App. 1996). 

 Officers must knock and announce their presence and purpose before entering a residence to
conduct a search. See Richards v. Wisconsin, 520 U.S. 385, 394 (1997). This common law rule forms
a part of the reasonableness inquiry of a search and seizure under the Fourth Amendment. Wilson v.
Arkansas, 514 U.S. 927, 930 (1995). There are exceptions to this rule, however. Officers are not
required to knock and announce where they have a reasonable suspicion that knocking and
announcing, under the particular circumstances of the case, would be dangerous or futile, or would
inhibit investigation of the crime, such as allowing the destruction of evidence. Richards, 520 U.S.
at 394. In determining reasonableness in a knock-and-announce situation, each situation should be
decided on a case by case basis by examining the totality of the circumstances. United States v.
Banks, 124 S. Ct. 521, 525 (2003). The Supreme Court has avoided categories and protocols for
reasonable searches. Id. Instead, the Court has "treated reasonableness as a function of the facts of
cases so various that no template is likely to produce sounder results than examining the totality of
circumstances in a given case; it is too hard to invent categories without giving short shrift to details
that turn out to be important in a given instance, and without inflating marginal ones." Id. Thus, we
must examine reasonableness by looking at the totality of circumstances presented here. 

 The warrant in this case was executed during the daylight hours. Deputy Glenn Sanders was
the officer who breached the door of Benitez's residence by using a battering ram. Sanders testified
that after Officer Houston opened the screen door, he hit the door with his fist. According to Sanders,
as he hit the door with his fist, he yelled "sheriff's office." Other officers also made a similar loud
announcement. Sanders then tried the door, but it was locked. When no one answered the door, he
rammed it, again yelling "sheriff's office." Sanders then rammed it a second time, once again yelling
"sheriff's office." The door then gave way. According to Deputy Sanders, the amount of time that
elapsed between the time he knocked and announced until he actually breached the door was between
five and ten seconds. According to Benitez and his girlfriend, Nancy, although they heard voices
outside, they never heard the deputies knock and announce their presence before the door was
breached. They also testified that the house is very small, and that if there had been knocking on the
front door, they would have been able to hear it from their bedroom. 

 The officers testified that they made a quick entry because often when there are drugs in a
house there are also weapons. And, according to the officers, there is always a possibility that the
people inside will flush the drugs. The officers did not know, however, whether there were weapons
in Benitez's house or whether people inside his house would flush the drugs. 

 Benitez argues that the sheriff's deputies violated the "knock and announce" requirement by
waiting ten seconds or less after announcing their presence before entering Benitez's house. Benitez
relies on United States v. Valdez, 302 F.3d 320 (5th Cir. 2002). In Valdez, however, unlike here, the
officers did not wait between knocking and entering, but knocked and entered simultaneously. The
Fifth Circuit held that the officers violated the knock-and-announce rule. Id. at 321-22. Benitez also
relies on Ballard v. State, 104 S.W.3d 372 (Tex. App.--Beaumont 2003, pet. ref'd). Like the Valdez
case and unlike the facts here, in Ballard it was undisputed that the officers failed to knock and
announce their presence before entering the house. Id. at 376.

 In United States v. Jones, 133 F.3d 358, 360 (5th Cir. 1998), the officers waited fifteen to
twenty seconds between knocking and entering the apartment. The Fifth Court discussed a number
of federal cases which were decided under the federal "knock-and-announce" statute. (1) Id. at 361.
Looking at these cases, the Fifth Circuit noted that as a general rule, a delay of five seconds or less
is a violation of the statute whereas waiting more than five seconds is not a violation. Id. The court
then stated that the timing question is relevant in the federal statute only to the extent necessary to
imply refusal of admittance by the occupant; however, the Fourth Amendment reasonableness
standard involves different purposes because of possible exigent circumstances. Id. at 361. Thus, "[i]t
is possible that a delay in a particular case might be too short to imply refusal of admittance under
[the federal statute], but would be reasonable for Fourth Amendment purposes because of exigent
circumstances such as the potential for destruction of evidence or danger to law enforcement officers
or innocent occupants." Id. The Fifth Circuit refused to create a bright-line standard, but found that
the officers had waited long enough. 

 The trial court in this case could have believed that the time between the knock-and-announce
and entry into Benitez's house was somewhere between five and ten seconds. Based upon the above-cited authorities, we cannot say that this was an unreasonable amount of time for Fourth Amendment
purposes. This is particularly true given that the house was small and that both Benitez and his
girlfriend could hear voices outside while in their bedroom. Thus, the officers could have reasonably
expected that drugs could have been flushed fairly quickly. Also, the warrant was executed during
the day; as such, the officers could have reasonably expected people in the house to be up and awake.
See Banks, 124 S. Ct. at 528 (holding that fifteen to twenty seconds is a reasonable amount of time
where search warrant was executed in the daytime). 

 Benitez also argues that the deputy sheriff's opening of the screen door before knocking and
announcing their presence was a Fourth Amendment violation. He has, however, cited no authority
for the argument that before law enforcement officers can open a screen door, they must first knock
and announce their presence. See Tex. R. App. P. 38.1(h). Moreover, we can see no Fourth
Amendment violation where, as here, the door inside the screen door was closed and locked, thereby
making entry impossible by merely opening the screen door. We overrule Benitez's second issue on
appeal.

Conclusion


 For the above reasons, we affirm the trial court's judgment in cause number 2002-CR-0893.
And, because Benitez's double jeopardy rights were violated, we reform the judgment in cause
number 2001-CR-6869A to vacate his conviction for possession of cocaine. As reformed, we affirm
the trial court's judgment. 


 Karen Angelini, Justice


Do not publish
1. The federal knock-and-announce statute, 18 U.S.C. § 3109, applies to federal law enforcement officials. The
common law knock-and-announce principle applies to state and federal law enforcement officers. See Jones, 133 F.3d
at 361 ("[T]he common-law knock-and-announce principle forms a part of the Fourth Amendment reasonableness
inquiry, which applies with equal force to state and federal law enforcement officers alike.").